# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-60450
Summary Calendar

NENG JUAN XUE,

Petitioner

v.

ERIC H HOLDER, JR., U. S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A94 922 798

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Neng Juan Xue, a native and citizen of the People's Republic of China, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal of the Immigration Judge's (IJ) denial of the motion to reopen her in absentia removal proceedings. Xue does not dispute that she was provided written notice of the March 19, 2007, hearing as required by

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

8 U.S.C. § 1229(a)(1) and (a)(2), nor does she dispute that she was removable as charged in the Notice to Appear. Instead, Xue argues that she did not attend the hearing because she received erroneous advice from her attorney, Koston Hi Feng, that she need not appear because a motion to change venue had been filed.

An order of removal entered in absentia may be rescinded upon a motion to reopen filed within 180 days of the removal order if the alien demonstrates that her failure to appear at the hearing was due to exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C)(i). The term "exceptional circumstances" is defined as "exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." *Id.* at § 1229a(e)(1).

The BIA determined that Xue failed to comply with the requirements set forth in *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988), *overruled in part by In re Compean*, 24 I. & N. Dec. 710 (BIA 2009), because she failed to provide any evidence that attorney Feng was notified that he had been accused of being negligent, there was no indication in the bar complaint that Feng was made aware of the allegations asserted, and Xue provided no evidence that Feng was informed that he was accused of ineffective assistance of counsel before the Immigration Judge and the Board. The BIA also found that Xue failed to give Feng an opportunity to either confirm or dispute the allegations against him. The BIA also observed that Albert Chow was Xue's counsel of record when the hearing notice was mailed, but Xue chose not to accuse Chow of being negligent in failing to inform her of the hearing scheduled for March 19, 2007. The BIA concluded that "[t]he Immigration Judge correctly determined that [Xue] failed to establish that her failure to appear for her hearing was caused by ineffective assistance of counsel."

Xue argues that this finding is not supported by the record. She contends that she notified Feng of the disciplinary complaint by mailing him a copy and

that the certificate of service was included in her motion to rescind. The certificate of service showing mailing of the disciplinary complaint to Feng is in the record. However, Xue did not serve Feng with a copy of the motion to reopen before the IJ. There is no indication that Feng was copied on the cover letter which indicated Xue's intent to seek relief from the BIA. Service of the disciplinary complaint upon Feng was not sufficient to give Feng the opportunity to respond to the allegations of ineffective assistance because the Grievance Committee did not open the case for investigation, and Feng had no notice that Xue had filed a motion to reopen before the IJ. The BIA found that Xue did not allege ineffective assistance on the part of Chow for failing to notify her of the hearing, when Chow was her attorney of record to whom the hearing notice was sent. The record supports the BIA's determination that Xue did not give Feng notice and an opportunity to respond to her allegations of ineffective assistance "before the Immigration Judge and the Board." Therefore, the BIA did not abuse its discretion when it rejected Xue's ineffective assistance of counsel claim based on her failure to comply with *Lozada's* procedural requirements. *See Lara v. Trominski*, 216 F.3d 487, 498-99 (5th Cir. 2000).

Accordingly, Xue's petition for review is DENIED.